FOSTER v. RHINEHART, Sheriff.

*(City Court of Brooklyn, General Term.  November 24, 1890.)*

1. POWERS OF DEPUTY-SHERIFF—EMPLOYING KEEPER.
     A deputy-sheriff is acting within the scope of his employment in engaging a keeper to aid to safely keep property which he had levied on under warrants of attachment, and the sheriff is liable for his acts.

2. SAME.
     Testimony of the sheriff that when the keeper called on him for his pay he told him that the rule of the office was that no keeper should be employed except upon the written direction of the attorney in the action, and the fact there was such written authority, justified the inference that when the deputy had such written authority he was authorized to employ keepers.

3. SAME—LIABILITY OF SHERIFF.
     The fact that the keeper appeared by counsel on the taxation of the sheriff's bill, and made affidavit as to his services, did not render the decision on the taxation conclusive upon him or his assignee, it not being his duty, before accepting employment, to first discover whether the sheriff could tax the charge for his services.

Appeal from trial term.

Action by Dwight A. Foster against Clark D. Rhinehart, as sheriff of Kings county.  There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before OSBORNE and VAN WYCK, JJ.

*Hobbs & Gifford*, for appellant.   *W. C. B. Thornton*, for respondent.

OSBORNE, J.   In July, 1888, warrants of attachment were issued out of the supreme court in three certain actions pending against one Henry Cohen, and, by virtue of said warrants, a stock of clothing in the store at 85 Sands street was seized.   The warrants of attachment were received from the sheriff's office, by Deputy-Sheriff Cox, for execution.   He thereupon called on the plaintiff's attorney for an order for the appointment of keepers, and the attorney for the plaintiff in said three actions then wrote on a paper addressed "C. D. Rhinehart, Sheriff," and bearing the titles of said three actions, as follows: "I hereby authorize you to employ a keeper to take charge of store and contents, 85 to 91 Sands St., Brooklyn, N. Y.   Dated Brooklyn, N. Y., July 10th, 1888.   SAML. JOHNSON, Plff.'s Attorney."   Under this authorization, Deputy-Sheriff Cox employed one Peter Toy, a special deputy-sheriff, as a keeper.   Plaintiff brings this action, as assignee of said Peter Toy, to recover for the value of his services as keeper.   At the trial, the court directed a verdict for plaintiff, to which direction defendant duly excepted.   Defendant now appeals from the judgment entered on such direction, and from an order denying a motion for a new trial.

The only question presented on this appeal is as to the liability of the sheriff for the keeper's fees.   While it is true, as claimed by the learned counsel for the appellant, that a sheriff is not entitled, by law, to specifically charge for keeper's fees, as such, yet he is required by a warrant of attachment to "safely keep" the property attached, and that duty as well devolves upon the deputy acting for the sheriff in the execution of the warrant, and for whose acts in the discharge of his duty the sheriff is liable.   Now, if the deputy, in the discharge of his duty, deems it wise to employ keepers to aid him to "safely keep" the attached property, he is, in our opinion, acting within the scope of his employment, and the sheriff is liable for his acts.   Defendant's counsel lays stress on the fact that the sheriff did not personally employ Toy, or authorize Cox to employ him.   This, in our opinion, does not relieve the sheriff from responsibility for such employment.   The defendant testified that, when Toy called upon him for his pay, he told him that "the rule of the office had been from its inception that no keeper should be employed except upon the written direction of the attorney in the action," etc.   Here, as before stated, there was written authority, from the attorney for the attach-

ing creditors, to employ keepers, and it may fairly be inferred from the defendant's own evidence that when the deputy had such written authority he was authorized to employ keepers.

It appears from the case that the sheriff's bill, including the charge for keepers, was taxed by a justice of the supreme court, and the item for keeper's fees was disallowed, and a lump sum of $100 was allowed for the care and custody of the attached property. Mr. Toy, on this taxation, made an affidavit as to his services as keeper, and also appeared by counsel. It is claimed that the decision on the taxation of the sheriff's bill is binding and conclusive on Toy and the plaintiff as his assignee. We do not think this position is maintainable. The sheriff, through his deputy, employed plaintiff's assignor, and he had a right to look to the sheriff for compensation for his time and services. It was not the duty of Toy, before accepting his employment, to first discover whether the sheriff could tax the charge for his services against the proceeds of sale of the attached property. He was justified in assuming that the sheriff, through his deputy, could properly employ him in taking care of and safely keeping the attached property, and that the party employing him, to-wit, the sheriff, would pay him for his time and services. For the reasons above stated, we think the learned trial judge properly directed a verdict for the plaintiff. Judgment and order denying motion for a new trial affirmed, with costs.